IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO VILLA-VELASQUEZ, <br> No. M-05530, <br><br> Plaintiff, <br><br> vs. <br><br> S.A. GODINEZ, DONALD GAETZ, <br> VIPIN SHAH, DOCTOR BAKER, <br> and UNKNOWN PARTY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL NO. 12-963-GPM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is nearing the end of a nine year sentence for a drug offense.

In his complaint, Plaintiff states that he injured his right knee in a soccer game on June 13, 2011. He sought medical attention from several unknown party nurses and doctors, as well as from Defendant Doctor Baker. At some point, he was given ibuprofen, a lower bunk permit, and a knee supporter. However, his severe pain never subsided, and the injury caused him to continue to walk with a limp. His requests for stronger pain medication were denied, and he continues to experience chronic, excruciating pain more than one year after the injury. One doctor informed Plaintiff (at an unspecified time) that he had been approved by Defendant Doctor Baker to have an MRI on the knee (Doc. 1, pp. 7, 10). However, Defendant Baker later disapproved the MRI after meeting with Defendant Doctor Shah (the Pinckneyville medical director) (Doc. 1, pp. 10, 15). Plaintiff alleges that the denial of further treatment was due to

budgetary concerns (Doc. 1, p. 8). Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Shah, Baker, and the Unknown Party Defendants for deliberate indifference to medical needs. However, the claims against Defendants Godinez (the Director of the Illinois Department of Corrections) and Gaetz (the Pinckneyville Warden) are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). A Defendant must be "personally responsible for the deprivation of a constitutional right" in order for liability to attach. *Id.* Neither of these Defendants is alleged to be a medical professional directly responsible for providing care to Plaintiff. Instead, it appears they merely gave supervisory approval to the disposition of grievances Plaintiff filed over his medical treatment. If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Plaintiff does not state a claim against Defendant Godinez or Gaetz and they will be dismissed from this action with prejudice. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but did not obtain the outcome he desired).

### Pending Motions

The Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel

(Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has made some efforts to obtain counsel on his own, but without success.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, Plaintiff's claims do not appear to be too factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition appears to adequately articulate his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision. Plaintiff may choose to re-file this motion at a later stage in the litigation.

Plaintiff's motion for service at government expense (Doc. 4) is **DENIED AS MOOT.** It is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service at the government's expense. Service shall be ordered below for the Defendants remaining in this action.

## Disposition

Defendants **GODINEZ** and **GAETZ** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **SHAH** and **BAKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
