IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO VILLA-VELASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-963-GPM-DGW |
| ) | |
| VIPIN SHAH, DOCTOR BAKER, and ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District G. Patrick Murphy pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Case Management and Service of Process.  For the reasons set forth below, it is **RECOMMENDED** that the Defendants Doctor Baker and Unknown Party be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 31, 2012, Plaintiff filed a Complaint alleging that Defendants, Vipin Shah, Dr. Baker, and unknown parties, were deliberately indifferent to his serious medical needs while he was incarcerated at the Pinckneyville Correctional Center.  Plaintiff did not name Defendant Dr. Baker with particularity and a waiver of service was returned to the Court unexecuted (Doc. 13). On November 27, 2012, Judge Murphy issued an Order noting that Defendant Baker had not been served and that Plaintiff must provide more information on the identity of Baker by December 27, 2012 (Doc. 14).  That Order was returned to the Court as undeliverable by the United States

Postal Service (Doc. 14).  It appears that Plaintiff has been released from custody and is now residing in Mexico (Doc. 25).

In light of the foregoing, this Court issued an Order directing Plaintiff to comply with Judge Murphy's November 27, 2012 Order by the new deadline of February 28, 2013 (Doc. 26). This Court warned Plaintiff that the failure to comply with the new deadline would result in a recommendation that Dr. Baker be dismissed from this lawsuit for want of service.  Plaintiff has not complied with this deadline and has not supplemented the record with information on Dr. Baker that would assist in service of process.  The Court also notes that Plaintiff has made no apparent effort to identify the unknown party.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant . . . ."  Plaintiff has been granted the opportunity, twice, to provide information to timely serve Defendant Baker.  In light of Plaintiff's failure to provide the required information, Defendant Baker should be **DISMISSED WITHOUT PREJUDICE**

## RECOMMENDATIONS

For the foregoing reasons, this Court **RECOMMENDS** that Defendant Baker be **DISMISSED WITHOUT PREJUDICE**.  This Court would further **RECOMMEND** that the unknown party also be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff has likewise failed to provide information on the unknown party for service of process and more than 120 days has elapsed since the filing of the Complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The

2

failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 13, 2013**

                   **DONALD G. WILKERSON**
                   **United States Magistrate Judge**