IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARIO VILLA-VELASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-963-DGW |
| | ) | |
| VIPIN SHAH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Dismiss (Doc. 38) filed by Defendant, Vipin Shah, on November 22, 2013.  For the reasons stated below, the motion is **GRANTED**.

**BACKGROUND**

Plaintiff brought this cause of action pursuant to 42 USC Section 1983 alleging that Dr. Shah was deliberately indifferent to his knee injury while incarcerated at Pinckneyville Correctional Center.  Plaintiff was released from the Illinois Department of Corrections, and notified the Court that his address had changed and that he was living in Mexico on January 28, 2013.

Counsel for Defendant sent Plaintiff written discovery in May 2013, and never received a response.  Defendant's counsel also sent Plaintiff a notice for a deposition to be taken in East St. Louis on August 19, 2013.  On August 16, 2013, Plaintiff informed the Court that he could not appear at his deposition as he resides in Mexico.  On September 24, 2013, this Court entered an Order (Doc. 35) warning Plaintiff that his lawsuit would be dismissed if he failed to notify the

Court before October 25, 2013 of how he intended to meet his discovery obligations. Plaintiff has failed to comply with this Court's Order.

## DISCUSSION

Under Rule 37(d), a properly noticed party who fails to appear at his own deposition is subject to the sanctions enumerated in Federal Rule 37(b)(2)(A). FED. R. CIV. P. 37(d)(1)(A)(i). In turn, Rule 37(b) authorizes dismissal of a case, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. *Lucien*, 9 F.3d at 29.

Plaintiff's lack of interest in prosecuting this case warrants dismissal pursuant to Rule 41(b). Actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir.1998); *Schilling v. Walworth County Park & Planning Com'n*, 805 F.2d 272, 278 (7th Cir.1986). ). Plaintiff has failed to comply with this Court's Order (Doc. 35) to notify the Court as to how he intends to meet his discovery obligation even after the Court warned that failure to do so would result in a dismissal. Further, Plaintiff's has not attempted to answer Plaintiff's discovery requests that were sent in May, 2013. As such, Defendant's Motion to Dismiss is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.   The Clerk is **DIRECTED** to enter judgment in favor of Defendant, Vipin Shah, and against Plaintiff, Mario Villa-Velasquez.

**IT IS SO ORDERED**

**DATED:**   January 30, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**